57 F.3d 1069
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Gary M. COLE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 94-1662.
 United States Court of Appeals, Sixth Circuit.
 June 2, 1995.
 
 Before: JONES, GUY and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Gary M. Cole, a social security claimant represented by counsel, appeals a district court judgment affirming the Secretary's decision which found that Cole was disabled but only beginning February 20, 1989, and not prior to that date. Cole contests the onset date of his disability established by the Secretary. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed. R. App. P. 34(a).
 
 
 2
 Cole filed his application for disability insurance benefits on November 5, 1987, alleging a disability since December 2, 1985, due to blindness of the left eye, nerve damage of his right eye, a back problem and drug/alcohol abuse. Based on Cole's application, the Secretary determined that Cole was disabled as of February 20, 1989, when his visual impairment met the severity criteria of Sec. 2.03(A) and (B) of the Secretary's listing of impairments (listings) in 20 C.F.R. Part 404, Subpart P, Appendix 1. A hearing was held before an administrative law judge (ALJ) at which time Cole contested that part of the Secretary's decision denying benefits for a period prior to February 20, 1989. The ALJ determined that prior to February 20, 1989, Cole had the residual functional capacity (RFC) to perform a limited range of light work. The ALJ found that Cole was not disabled for the period of December 2, 1985, up to February 20, 1989, because he was capable of performing a significant number of jobs in the national economy. The Appeals Council denied Cole's request for review.
 
 
 3
 Cole then sought judicial review of the Secretary's decision. The district court held a hearing on the parties' cross motions for summary judgment at which time Cole argued that his visual impairment met the Secretary's listings prior to February 20, 1989. The district court found that there was substantial evidence to support the Secretary's decision denying disability benefits prior to February 20, 1989, and granted the Secretary's motion for summary judgment.
 
 
 4
 In his appellate brief, Cole's counsel indicates that the issues he is raising on appeal are the same issues as those set forth in his May 26, 1992, brief which he filed with the Appeals Council before the Social Security Administration. In that administrative brief, Cole challenged the ALJ's RFC assessment based on his back condition, emotional problems, visual impairment and substance abuse. In that brief, Cole also challenged the ALJ's conclusion that Cole's allegations of pain were not credible. As previously discussed, the only issue Cole raised at the evidentiary hearing before the district court was whether his visual impairment met the Secretary's vision listings before February 20, 1989.
 
 
 5
 Initially, we note that the only issue properly before the court for its review is whether Cole's visual impairment met the Secretary's listings before February 20, 1989, and if not, whether his vision prevented him from performing all substantial gainful activity before that time. Cole's attempt to incorporate by reference those issues he raised in his May 26, 1992, brief before the Appeals Council as issues before this court fails because he essentially abandoned these arguments on appeal by not specifically discussing those arguments in his appellate brief. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir. 1986); see also Ehrhart v. Secretary of Health and Human Servs., 969 F.2d 534, 537 n.5 (7th Cir. 1992). Furthermore, in his appellate brief, Cole only discusses the medical evidence as it pertains to his visual impairment and not his other medical problems.
 
 
 6
 Upon review, we conclude that substantial evidence supports the Secretary's decision that Cole only became disabled as of February 20, 1989, but not prior thereto. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir. 1989) (per curiam). Cole failed to demonstrate that he met the severity criteria of Sec. 2.03 of the listings prior to this date. Cf. Hale v. Secretary of Health and Human Servs., 816 F.2d 1078, 1083 (6th Cir. 1987) (per curiam) (all the requirements set forth under a listed impairment must be present in order to find that a claimant meets a particular listing). Furthermore, the evidence does not show that Cole would have been incapable of performing all substantial gainful activity prior to February 20, 1989.
 
 
 7
 Accordingly, we affirm the district court's judgment.